### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                    No. 4:11CR00233-03 JLH

JOSE TRINIDAD VILLALOBOS-VILLA

### ORDER

Jose Trinidad Villalobos-Villa was charged in four counts of a superseding indictment. In Count 1, he was charged with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine actual in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). In Counts 11 and 12, he was charged with distributing more than 50 grams of methamphetamine on two separate occasions in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). In Count 13, he was charged with being an alien, illegally and unlawfully in the United States, and knowingly and unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(5)(A). Pursuant to a written plea agreement, Villalobos-Villa pled guilty to Count 11, and the government dismissed the remaining counts against him. He was sentenced to a term of 180 months in the Bureau of Prisons, to be followed by five years of supervised release.

Villalobos-Villa has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Rule 4(a) of the Rules Governing Section 2255 Proceedings provides that when a motion under section 2255 is filed the Clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence. Rule 4(b) provides that the judge who receives the motion must promptly examine it. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Here, it plainly appears from the motion and

the record of prior proceedings that Villalobos-Villa is not entitled to relief. The motion is therefore dismissed, and the Court directs the Clerk to notify Villalobos-Villa.

Villalobos-Villa's motion asserts four grounds for relief. The first three grounds are closely related. For his first ground, Villalobos-Villa alleges that he was never provided with a copy of the indictment. For his second ground, he alleges that he pled guilty and accepted a plea agreement "unknowingly, unintelligently, and unwillingly." He adds:

> Defendant asserts that his counsel [of] record convinced him to plead guilty on the charged crimes that the Government had against him[,] but some charges or all of them were invalid for lack of evidence. Counsel of record induced defendant to tell the District Court that he [had] drugs in his possession, so she could close the case.

For his third ground, Villalobos-Villa alleges that he was arrested unlawfully. He says that the DEA officers illegally arrested him and searched his home without a warrant, but that they did not find any illegal materials or drugs when they conducted this search.

All of these allegations are belied by the change of plea hearing. At the change of plea hearing, Villalobos-Villa confirmed under oath that he knew that he was being charged with possession of a controlled substance with intent to deliver, and he knew that he was being charged with possession of at least 150 grams of methamphetamine with intent to deliver.[1] He also confirmed under oath the factual basis for his plea as stated by the prosecutor on the record. By doing so, he confirmed that he had on two occasions assisted a co-defendant in distributing a controlled substance.

---

[1] Moreover, the undersigned has listened to the recording of Villalobos-Villa's arraignment on the superseding indictment and has confirmed that the magistrate judge adequately informed him of the charges against him and that his lawyer stated that Villalobos-Villa would waive service. The Court directs the Clerk to make the recording a part of the record in this case. The entire recording is more than one hour in length and includes several arraignments. Villalobos-Villa's arraignment begins at 23:21. The Court has separately directed the court reporter at the change of plea hearing to file the transcript of that hearing.

He admitted under oath that he knew what he was distributing was a controlled substance. Moreover, he confirmed that the investigators executed a search warrant at his residence and found a .45 caliber pistol, as well as drug paraphernalia, cash, two cell phones, and documents indicative of drug ledgers. Because all of these facts were established at the change of plea hearing, Villalobos-Villa cannot prevail on any of his first three grounds for relief.

For his fourth ground for relief, Villalobos-Villa alleges that he was deprived from submitting a direct appeal because his lawyer did not answer his telephone calls within the period of time within which a notice of appeal must be filed. He alleges:

> Right after Defendant was sentenced, he tried to get in touch with his counsel to proceed to Direct Appeal, but within the 14 days statute [of] limitation, his counsel never answer[ed] his phone calls, she never tried to get back to him by phone calls or by post-mail.

At the sentencing hearing, the Court explained to Villalobos-Villa that he could appeal and that his notice of appeal had to be filed within fourteen days from the entry of judgment in his case. The Court also explained that if he wished to appeal, he could request the Clerk of the Court to prepare and file a notice of appeal for him, and the Clerk would do so. Villalobos-Villa does not allege that he requested his lawyer to file a notice of appeal on his behalf. To the contrary, he tacitly admits that he did not do so because he alleges that he was trying to call his lawyer to make that request. Villalobos-Villa knew that he had fourteen days within which to file a notice of appeal, and he knew that his lawyer had never been requested to file a notice of appeal on his behalf. If he intended to appeal at that time, he could have notified the Clerk of the Court, and the Clerk would have prepared and filed a notice of appeal on his behalf. Instead, he waited nine months to file a notice of appeal, and the Eighth Circuit dismissed his appeal as untimely. The fact that he waited nine months to file

a notice of appeal is inconsistent with his allegation that he intended to appeal but could not reach his lawyer to ask that she file a notice of appeal.

There is no merit to any of the claims that Villalobos-Villa has asserted in his motion to vacate, set aside, or correct his sentence. The motion is therefore DENIED. Document #185.

IT IS SO ORDERED this 5th day of November, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE